UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MISC. BUSINESS DOCKET NO. 13-mc-91219-RWZ


IN RE GLENN H. HAESE


<u>MEMORANDUM AND ORDER</u>

April 30, 2014


ZOBEL, D.J.

Respondent Glenn H. Haese has been disbarred in the Commonwealth of

Massachusetts.  In response to an order to show cause as to why this court should not

reciprocally disbar him pursuant to Rule 83.6(2) of the Local Rules for the United

States District Court for the District of Massachusetts (Docket # 5), respondent

contends that he was denied due process during his disciplinary hearing and that there

is inadequate proof of his misconduct.  After hearing and careful review of respondent's

written and oral arguments, I find that reciprocal discipline of disbarment is fully

warranted.

On March 4, 2011, counsel for the Board of Bar Overseers ("BBO") filed a five-

count complaint against respondent.  Briefly stated, the BBO-appointed Hearing

Committee found the following facts:

- Count 1: respondent misused settlement funds to which his clients were

  entitled.  Hr'g Rep., Docket # 16-9 ¶¶ 38-43.

- Count 2: respondent knowingly and intentionally converted client funds for

personal use.  Id. ¶ 58.

- Count 3: respondent breached an agreement pertaining to the division of $75,000 in attorneys' fees among respondent's firm and two other law firms.  Although respondent collected the full fee amount, he did not distribute the funds to the other firms as promised, and instead used the funds for personal purposes.  Id. ¶ 87.

- Count 4: respondent improperly induced another attorney to provide assistance in a personal injury case in exchange for a percentage of a contingent fee which respondent had already pledged as collateral for a series of loans he received.  Id. Docket # 16-10 ¶¶ 127-28.

- Count 5: respondent dishonestly induced the same attorney to loan him $81,000, failed to repay the loan, and commingled the funds between his personal and trust accounts.  Id. Docket # 16-11 ¶¶ 163, 170-72.

Each of these actions violated at least one of the Massachusetts Rules of Professional Conduct.

The BBO adopted the Hearing Committee's recommendation of disbarment and filed an Information recommending the same to a single justice of the Supreme Judicial Court ("SJC").  Docket # 16-6; see S.J.C. R. 4.01 § 8(6).  Justice Botsford concluded that the facts supported the BBO's recommendation.  See Docket # 2.  Respondent's appeal to the full SJC is pending.[1]  See In re Haese, S.J.C. No. 11510.

_____

[1]Respondent's pending appeal does not stop the present case from moving forward.  Rule 83.6(2)(B) requires an attorney to notify the District of Massachusetts—thereby setting in motion a reciprocal disciplinary proceeding—upon receiving a judgment or order of discipline from "another court,"

My review is deferential. I must only determine "that the state proceeding complied with due process, that there was adequate proof of misconduct, and that imposing reciprocal discipline would not result in a grave injustice." In re Bailey, 450 F.3d 71, 73 (1st Cir. 2006) (per curiam) (citing Theard v. United States, 354 U.S. 278, 282 (1957)). "[T]he state court's substantive findings ordinarily are entitled to a high degree of respect when this court is asked to impose reciprocal discipline." In re Williams, 398 F.3d 116, 118 (1st Cir. 2005). Respondent is not entitled to a de novo trial.[2] Bailey, 450 F.3d at 73 (quoting In re Surrick, 338 F.3d 224, 232 (3d Cir. 2003)).

Local Rule 83.6(2)(D) mandates the imposition of identical discipline subject to four enumerated exceptions, at least one of which must "clearly appear[]" from the face of the record. Respondent invokes two of the exceptions:

(i) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(ii) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on that subject.

---

not necessarily the highest court (or the full membership thereof) in that jurisdiction. Another part of the rule requires disciplinary proceedings in this court to be stayed if a stay has been granted in another jurisdiction. Mass. L.R. 83.6(2)(C). Respondent applied for a stay in the Supreme Judicial Court. His motion was denied. See In re Haese, BD-2013-037, Docket # 30. The present proceeding may therefore go forward.

[2]At the conclusion of his twenty-four page memorandum, respondent requests that his case "be remanded back to the state bar disciplinary authorities with an order for a new hearing." Mem. in Resp. to Order to Show Cause, Docket # 16, at 24. His request is misguided because I only determine whether and how respondent should be disciplined in this court; I do not review the single justice's decision with respect to state disbarment. See Theard v. United States, 354 U.S. 278, 281 (1957) ("It is not for this Court . . . to sit in judgment on [state] disbarments . . . . The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included." (citations omitted)); In re Williams, 398 F.3d 116, 118 (1st Cir. 2005) (per curiam) ("[T]his court is without jurisdiction, in a federal disciplinary proceeding, to disturb the state court's imposition of discipline.").

Mem. in Resp. to Order to Show Cause, Docket # 16, at 1 (quoting Mass. L.R. 83.6(2)(D)). Justice Botsford rejected in plenary fashion respondent's arguments on these two points. First, she concluded that his due process argument—that the Hearing Committee abused its discretion by failing to grant a continuance of an evidentiary hearing—was without merit because respondent had already received numerous continuances and did not explain how the denial of yet another one prejudiced him. Docket # 2 at 9. Second, she did not accept his "infirmity of proof" argument because respondent failed to show how his medical conditions, although serious in nature, caused his misconduct. Id. at 13.

Respondent raises substantially the same arguments here. He contends that the denial of the continuance deprived him of a fair opportunity to make his case. If he had been given more time to prepare, his attorney would have presented more evidence of respondent's medical conditions, called out-of-state witnesses and an accounting expert, and cross-examined a former associate more vigorously. Mem. in Resp. at 6-7. He argues that there is no proof that he intentionally converted funds in Count 2 or was intentionally dishonest in Counts 3-5. Id. 13-15, 17-20. Finally, he claims the Hearing Committee should have considered—or more thoroughly considered—the medical evidence respondent did present because that evidence establishes a causal connection to his misconduct. Id. 20-23.

These arguments are not persuasive. As the Hearing Committee Chair documented, at the time respondent moved for the continuance on November 22, 2011, he had known about the complaint since March 3, 2011. Order on Resp't's Third Mot.

4

to Continue Hr'gs, Docket # 16-4, at 1. He had already received three extensions to answer and later got still more time to file a revised answer. Id. The Committee continued or amended the hearing schedule at least three times, and warned respondent at least twice that it would grant no further continuances. Id. at 1-2. Bar counsel stated that further continuances would inconvenience witnesses, many of whom were attorneys, who had set aside time to testify at the hearing. Id. at 1. Where respondent had long known of the impending hearing, had been warned numerous times that a further continuance would not happen, and prejudice to the other side would have occurred if it had happened, the Hearing Committee could hardly have abused its discretion. See In re Brauer, 890 N.E.2d 847, 861-62 (Mass. 2008) (standard of review); Commonwealth v. Gilchrest, 303 N.E.2d 272, 276 (Mass. 1973) (court must balance movant's need for more time against inconvenience and prejudice to nonmovant when considering motion for a continuance).[3] Respondent had adequate opportunity to be heard.

As for his "infirmity of proof" argument, respondent claims that due to confusing internal firm emails, he mistakenly believed that his firm's client had already been paid, and therefore his withdrawal of funds which belonged to his firm's client was negligent, not intentional. Mem. in Resp. 14-15. Yet the BBO concluded that respondent withdrew at least some of these funds before the purportedly confusing emails were

---

[3]This is especially so given respondent's failure to explain how he would have spent the additional time. Although he states what evidence he would have presented and who would have testified on his behalf, he does not bother to spell out how that evidence and testimony would have helped his case.

sent. Docket # 16-4 at 8. Nor does respondent make any meaningful effort to dispute the conclusions of the BBO with respect to Counts 3-5. And respondent cannot establish that the Hearing Committee erred when it did not consider his medical records to the extent he prefers. In his memorandum, respondent recounts the seriousness of his medical conditions without detailing their plausible connection to his actions. True enough, his conditions are serious, and the Hearing Committee and BBO concluded as much. Docket # 16-7 at 6. But in the state proceedings, and again here, respondent simply does not explain how a serious medical condition justifies intentional misconduct.

None of the exceptions permitting the withholding of identical discipline is clear on the face of the record. Accordingly, it is ORDERED that respondent is disbarred from practice at the bar of the United States District Court for the District of Massachusetts pursuant to Local Rule 83.6(2)(D). Judgment of disbarment may be entered.


    April 30, 2014                              /s/Rya W. Zobel

         DATE                               RYA W. ZOBEL
                                     UNITED STATES DISTRICT JUDGE